John D. SCHOFIELD, Plaintiff,

v.

COUNTY OF VOLUSIA, FLORIDA, Defendant.

No. 75–142–Orl–Civ–R.

United States District Court, M. D. Florida, Orlando Division.

June 2, 1976.

Raymond A. Haas, of Gosney, Haas, Cameron & Parsons, Daytona Beach, Fla., for plaintiff.

Warren O. Tiller, County Atty. and John R. Godbee, Jr., Asst. County Atty., DeLand, Fla., for defendant.

## ORDER

REED, District Judge.

The defendant's motion to dismiss challenges the Court's subject matter jurisdiction and the capacity of the amended complaint to state a claim on which relief can be granted.

The amended complaint alleges that the plaintiff was an employee of Volusia County, Florida, from 10 December 1973 to 22 January 1974. The plaintiff's employment, according to the amended complaint, was terminated on the latter date solely for the reason that plaintiff engaged in politically related activity. Such termination was allegedly in violation of the plaintiff's right to free speech.

■ Under the interpretation given 42 U.S.C. § 1983 by *Monroe v. Pape*, 1960, 365 U.S. 167, 169, 81 S.Ct. 473, 5 L.Ed.2d 492, a county is not a "person" within the contemplation of that statute. A suit for damages, therefore, against a county does not fall within the jurisdiction of the court created by 28 U.S.C. § 1343 which presupposes a violation of 42 U.S.C. § 1983 or other similar statute.

■ Various cases since *Monroe v. Pape* indicate that even in the absence of a statutory violation, this court would have subject matter jurisdiction over a claim arising out of a violation of a constitutional right under the provisions of 28 U.S.C. § 1331, given the requisite jurisdictional amount. See *City of Kenosha v. Bruno*, 1973, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109, and *Calvin v. Conlisk*, CA7, 1975, 520 F.2d 1. The court concludes, therefore, that it has subject matter jurisdiction of this cause under 28 U.S.C. § 1331.

This leaves for decision the issue as to the capacity of the amended complaint to state a claim upon which relief may be granted. The basic case which must be considered is *Bivens v. 6 Unknown Federal Narcotics Agents*, 1971, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619. In the *Bivens* case, the majority held that there exists a cause of action which may be asserted in federal court against federal agents to recover money damages for injuries resulting from an unlawful search, even though neither the Constitution nor federal statutory law provides for such a remedy. The *Bivens* holding, in the opinion of this court, should not be given an overly generous interpretation thereby expanding the district courts' jurisdiction to situations not clearly within the ambit of the *Bivens* case. To do so would create an anomaly—what one could not achieve under 42 U.S.C. § 1983, which was intended by Congress to provide a substantive remedy, could be accomplished without a statutory remedy simply by the assertion of a violation of a constitutional right and a controversy involving an amount in excess of $10,000.

■ An examination of Justice Harlan's opinion in *Bivens* reveals that the basis for the imposition of a judicial remedy in the absence of any provided by statute or Constitution is the assumption that without a remedy in damages one's constitutional right would be meaningless. Justice Harlan stated in his concurring opinion, ". . . The question then, is, as I see it, whether compensatory relief is 'necessary' or 'appropriate' to the vindication of the interest asserted . . . ." (page 407, 91 S.Ct. page 2010).

■ In the present case, it is obvious that a damage remedy against the county is not necessary for the vindication of the right which the plaintiff claims has been violated. Had plaintiff desired to do so, his right to retain public employment could have been safeguarded against a discharge in violation of his first amendment rights by an action seeking equitable relief. In such a case the district court would have had equitable jurisdiction to effect reinstatement and restitution of back pay. See *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570, 1972; *Calvin v. Conlisk, supra*. In addition, of course, the plaintiff had a remedy under 42 U.S.C. § 1983 for damages against those individuals who he claims have violated his constitutional right to freedom of speech. For the foregoing reasons, it appears that the amended complaint does not make such a showing of necessity as would justify the court in creating a remedy in damages collectible from public funds of Volusia County, Florida.

This court is aware that there is authority which would suggest a contrary result. See *Hanna v. Drobnick*, CA6, 1975, 514 F.2d

393, and *Maybanks v. Ingraham*, D.C.E.D. Pa.1974, 378 F.Supp. 913. This court is not, however, aware of any precedent from the Fifth Circuit Court of Appeals or the United States Supreme Court that would require such a result. In the absence of same, the conclusion reached by this court would appear to be consistent with the rights of the plaintiff, as well as the duty of the court to apply rather than create law.

On the defendant's motion to dismiss, it is, therefore,

ORDERED AND ADJUDGED that the same be and is hereby granted, and the amended complaint for failure to state a claim on which relief may be granted be and is hereby dismissed without prejudice and without leave to amend.